EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: Samuel Martínez Rodríguez | 2015 TSPR 58 192 DPR ____ |
|---|---|

Número del Caso: TS-12,398

Fecha: 11 de marzo de 2015

Programa de Educación Jurídica Continua:

Lcda. Geisa Marrero Martínez
Directora Ejecutiva

Materia: La suspensión será efectiva el 13 de marzo de 2015, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Samuel Martínez Rodríguez                 Conducta
                                          Profesional
                        TS-12,398

PER CURIAM

En San Juan, Puerto Rico, a 11 de marzo de 2015.

I.

El Lcdo. Samuel Martínez Rodríguez fue admitido al ejercicio de la abogacía el 16 de julio de 1998. El 10 de octubre de 2014, la Directora del Programa de Educación Jurídica Continua (PEJC), en representación de la Junta del PEJC, nos informó que el licenciado Martínez Rodríguez había incumplido con los requisitos de educación jurídica continua durante el periodo de 1 agosto de 2007 al 31 de julio de 2009.

Según surge del informe presentado por la Directora, el 3 de septiembre de 2009 el PEJC le

envió al licenciado Martínez Rodríguez un aviso de incumplimiento en donde, entre otras cosas, le otorgó 60 días adicionales para que cumpliera con los requisitos de educación jurídica continua. Transcurrido casi dos años de esa notificación, el letrado fue citado a una vista informal ante el PEJC. El licenciado Martínez Rodríguez no compareció a la vista, por lo que el Oficial Examinador recomendó referir el asunto a este Foro. El PEJC notificó esa determinación al licenciado Martínez Rodríguez y le otorgó un término adicional para cumplir con los requisitos del programa. El licenciado Martínez Rodríguez tampoco respondió a esa comunicación. La Directora refirió el asunto a la Junta del PEJC para su consideración.

Luego, la Junta del PEJC nos refirió el asunto. El 20 de octubre de 2014, tomamos conocimiento del informe sobre incumplimiento presentado por la Directora del PEJC y le concedimos al licenciado Martínez Rodríguez un término de veinte días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido. Al día de hoy, el licenciado Martínez Rodríguez no ha comparecido, por lo que pasamos a resolver.

II.

El Canon 2 del Código de Ética Profesional, 4 LPRA IX, establece que con el "fin de viabilizar el objetivo de representación legal adecuada para toda persona, el abogado […] debe realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". Con ese fin, aprobamos el Reglamento del Programa de Educación Jurídica Continua de 1998, 4 LPRA Ap. XVII-D, el cual dispone en su Regla 6 que todos los abogados activos tienen que cumplir con al menos veinticuatro horas créditos en cursos acreditados cada dos años. Asimismo, no más tarde de treinta días luego de finalizado ese periodo, los abogados tienen el deber de presentar un informe a la Junta del PEJC acreditando el cumplimiento con las horas crédito establecidas. Reglamento del Programa de Educación Jurídica Continua de 2005, 4 LPRA Ap. XVII-E.

Cuando los abogados cumplen tardíamente con los requisitos del PEJC, deben presentar un informe con las razones que justifican el cumplimiento tardío, así como pagar una cuota de $50. Íd., Regla 30. En casos de incumplimiento, el Director del PEJC tiene el deber de citar a los abogados a una vista informal para que estos expliquen las razones para el incumplimiento. Íd., Regla

32. En caso de incomparecencia, la Junta del PEJC debe remitir el asunto ante este Tribunal. Íd.

En un sinnúmero de ocasiones hemos disciplinado profesionalmente a abogados que desatienden los requerimientos del PEJC e incumplen con las horas crédito de educación continua requeridas. In re Rivera Trani, 188 DPR 454 (2013). Igualmente, hemos reiterado que desatender nuestros requerimientos acarrea sanciones disciplinarias, incluyendo la suspensión inmediata de la profesión. In re Irizarry Irizarry, 190 DPR 368 (2014). Cuando un abogado no cumple con nuestras órdenes, "demuestra menosprecio hacia nuestra autoridad, infringiendo de ese modo, las disposiciones del Canon 9". Íd. De esta forma, "[s]i luego de proveerle un término al abogado para que muestre causa por la cual no debe ser suspendido de la profesión, éste incumple con nuestro mandato, procede que el abogado sea sancionado con la suspensión indefinida del ejercicio de la abogacía […]". In re Piñeiro Vega, 188 DPR 77, 90 (2013).

III.

Según surge del expediente, el licenciado Martínez Rodríguez incumplió con los requisitos de educación jurídica continua para el periodo comprendido de 1 de agosto de 2007 al 31 de julio de 2009. Al momento, el letrado no ha acreditado el cumplimiento con las veinticuatro horas crédito para el periodo notificado, aun habiéndole concedido amplia oportunidad para hacerlo.

Ese incumplimiento viene acompañado de una actitud indiferente y en menosprecio a los requerimientos del PEJC y a las órdenes de este Tribunal.

Por todo lo anterior, decretamos la suspensión inmediata e indefinida del licenciado Martínez Rodríguez del ejercicio de la abogacía. Como consecuencia, se le impone el deber de notificar a todos sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Samuel Martínez Rodríguez      TS-12,398      Conducta
                                               Profesional

SENTENCIA

En San Juan, Puerto Rico, a 11 de marzo de 2015.

Por los fundamentos expuestos, en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente Sentencia, decretamos la suspensión inmediata e indefinida del licenciado Martínez Rodríguez del ejercicio de la abogacía. Como consecuencia, se le impone el deber de notificar a todos sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Lo acordó y ordena el Tribunal, y lo certifica la Secretaria del Tribunal Supremo.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo