EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                        | 2016 TSPR 65      |
|                               |                   |
| Verónica Del C. Crespo Peña   | 195 DPR ____      |

Número del Caso: AB-2013-526

Fecha: 8 de abril de 2016

Abogada de la Promovida:

Por derecho propio

Materia: Conducta Profesional – La suspensión será efectiva el 13 de abril de 2016, fecha en que se le notificó a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Verónica Del C. Crespo Peña

AB-2013-0526

*PER CURIAM*

En San Juan, Puerto Rico, a 8 de abril de 2016.

Nuevamente tenemos que suspender a una abogada del ejercicio de la abogacía por desatender reiteradamente las órdenes de este Tribunal.

I.

El presente caso tiene su génesis en una acción civil instada por el Sr. Edwin Ortiz Rivera contra la Sra. Sheila Taina Bermúdez Mateo. Según se desprende del expediente, la Lcda. Verónica Del C. Crespo Peña contestó la demanda y compareció en varias instancias en representación de la señora Bermúdez Mateo. Así, el 20 de febrero de 2013, el Tribunal de Primera Instancia, Sala Superior de Coamo, emitió una orden a los fines de

iniciar el procedimiento dispuesto en la Regla 37 de Procedimiento Civil, 32 LPRA AP. V R. 37. Consecuentemente, ordenó que los abogados coordinaran una reunión y prepararan el correspondiente informe para el manejo del caso.

A pesar de que el representante legal del señor Ortiz Rivera remitió varias misivas para programar la reunión, la licenciada Crespo Peña nunca contestó. El foro primario reiteró su mandato y advirtió las consecuencias de desacatar lo ordenado. No obstante, la licenciada Crespo Peña no tomó acción alguna, ni cumplió con la referida orden.

En vista de que la letrada incumplió repetidamente con su mandato, el Tribunal de Primera Instancia anotó la rebeldía a la señora Bermúdez Mateo y señaló el día para el juicio en su fondo. Oportunamente, la señora Bermúdez Mateo compareció por derecho propio y expuso que no había podido entablar comunicación con la licenciada Crespo Peña pues hacía meses que esta no aparecía. Asimismo, detalló los esfuerzos que realizó para intentar comunicarse con la letrada y solicitó que se le proveyese un tiempo razonable para buscar un nuevo representante legal. Arguyó que no debía ser penalizada por la inacción de su representante legal.

El Tribunal de Primera Instancia le impuso a la licenciada Crespo Peña una sanción de quinientos dólares y le concedió diez días improrrogables para expresarse sobre sus incumplimientos continuos. Sin embargo, la letrada no proveyó contestación alguna. Tras el incumplimiento, una vez

más, de la letrada, el foro primario le concedió una última oportunidad para responder so pena de elevar el expediente a este Tribunal. Debido a que la abogada no contestó, el Tribunal de Primera Instancia remitió el expediente del caso ante esta Curia para evaluar la conducta de la letrada por posible infracción de los Cánones de Ética Profesional.

Una vez recibimos el expediente en cuestión, le concedimos a la licenciada Crespo Peña un primer término de veinte días para expresarse al respecto. Sin embargo, esta ignoró nuestra orden. Como resultado, le otorgamos a la abogada un término improrrogable de treinta días para que mostrara causa por la cual no debía ser suspendida del ejercicio de la abogacía por incumplir con lo requerido por este Tribunal. Esta última orden tampoco fue obedecida por la letrada en el término provisto.

En vista de que la licenciada Crespo Peña nunca contestó, a pesar de que le concedimos dos oportunidades para ello y le apercibimos de las consecuencias que su incumplimiento podría conllevar, procedemos a suspenderla indefinidamente del ejercicio de la abogacía.

II.

El Código de Ética Profesional, supra, recoge las normas de conducta que rigen a los miembros de la profesión legal en Puerto Rico para beneficio de la ciudadanía, la profesión y las instituciones de justicia. In re Rivera Navarro, Op. de 22 de junio de 2015, 2015 TSPR 100, pág. 7, 193 DPR ___ (2015). En específico, el Canon 9 de Ética

Profesional, supra, dispone que los abogados deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto". Como corolario de ese deber, se exige que los abogados cumplan pronta y diligentemente las órdenes de todos los tribunales. In re Nieves Nieves, 181 DPR 25, 34 (2011).

Por esa razón, hemos enfatizado que todo letrado debe responder diligente y oportunamente a los requerimientos de este Tribunal, particularmente los relacionados con los procedimientos disciplinarios. In re Pestaña Segovia, 192 DPR 485, 493 (2015). Cuando un abogado no cumple con nuestras órdenes relacionadas a un procedimiento disciplinario menosprecia nuestra autoridad e infringe las disposiciones del Canon 9, supra. In re Martínez Rodríguez, 192 DPR 539, 542 (2015). "[A]sumir una actitud de menosprecio e indiferencia ante nuestras órdenes, denota falta de respeto hacia nuestra autoridad, por lo que viola dicho Canon". In re Dávila Toro, Op. de 5 de junio de 2015, 2015 TSPR 79, pág. 6, 193 DPR ___ (2015).

En esa misma línea, hemos resuelto que "[e]l incumplimiento con nuestras órdenes y la indiferencia a nuestros apercibimientos sobre sanciones disciplinarias constituyen causa suficiente para la suspensión inmediata de los abogados". In re Irizarry Irizarry, 190 DPR 368, 375 (2014). Esa violación es completamente independiente de los méritos que pueda tener la queja presentada en contra del abogado. In re Pestaña Segovia, supra, pág. 493.

III.

La licenciada Crespo Peña desatendió los requerimientos y las órdenes de este Tribunal en varias ocasiones. Esa conducta, en sí misma, constituye una violación del Canon 9, supra. Al igual que hemos hecho anteriormente, no dudaremos en tomar acción disciplinaria en contra de abogados que incumplan con los términos finales concedidos para contestar nuestras órdenes. In re Pestaña Segovia, supra. Con su conducta, la licenciada nos ha demostrado que no tiene interés en practicar la abogacía.

IV.

Por los fundamentos antes expuestos, ordenamos la suspensión inmediata e indefinida de la Lcda. Verónica Del C. Crespo Peña de la práctica de la abogacía y notaría. Por su parte, los méritos que pueda tener el referido del Juez Superior, Hon. José A. Alicea Rivera, quedarán pendientes para evaluación una vez la licenciada Crespo Peña solicite readmisión al ejercicio de la abogacía.

La licenciada Crespo Peña deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a estos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. De igual manera, tendrá la responsabilidad de informar de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Deberá acreditar y

certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de treinta días, contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial de la licenciada Crespo Peña y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Verónica Del C. Crespo Peña

AB-2013-0526

SENTENCIA

En San Juan, Puerto Rico, a 8 de abril de 2016.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia, ordenamos la suspensión inmediata e indefinida de la Lcda. Verónica Del C. Crespo Peña de la práctica de la abogacía y notaría. Por su parte, los méritos que pueda tener el referido del Juez Superior, Hon. José A. Alicea Rivera, quedarán pendientes para evaluación una vez la licenciada Crespo Peña solicite readmisión al ejercicio de la abogacía.

La licenciada Crespo Peña deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a estos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. De igual manera, tendrá la responsabilidad de informar de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de treinta días, contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial de la licenciada Crespo Peña y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                    Juan Ernesto Dávila Rivera
                  Secretario del Tribunal Supremo