EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br><br><br>Luis A. Alvarado Hernández | 2016 TSPR 106<br><br>195 DPR ____ |
|---|---|

Número del Caso: TS-15,105


Fecha: 18 de mayo de 2016


Oficina de Inspección de Notarías:

    Lcdo. Manuel E. Ávila de Jesús
    Director


Materia: La suspensión será efectiva el 24 de mayo de 2016, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Luis A. Alvarado Hernández

TS-15,105

PER CURIAM

En San Juan, Puerto Rico, a 18 de mayo de 2016.

Una vez más suspendemos a un abogado del ejercicio de la abogacía y la notaría por desatender reiteradamente nuestras órdenes.

I

El Lcdo. Luis A. Alvarado Hernández fue admitido al ejercicio de la abogacía el 16 de febrero de 2005 y a la práctica de la notaría el 31 de marzo de 2005.

El 24 de septiembre de 2015, el Director de la Oficina de Inspección de Notarías (ODIN) presentó un informe especial en el que nos informó que el licenciado Alvarado Hernández incumplió con la Ley

Notarial y su Reglamento. En esencia, esos incumplimientos consisten en no presentar los índices de actividad notarial para múltiples meses ni los informes estadísticos de actividad notarial anual para cinco años. La ODIN también nos informó que el licenciado Alvarado Hernández no tiene una fianza notarial vigente desde 2011.

Surge del expediente que la ODIN le notificó esas deficiencias al letrado mediante correo certificado con acuse de recibo a las direcciones que incluyó en el Registro Único de Abogados y Abogadas (RUA). Un agente autorizado del licenciado Alvarado Hernández recibió esa comunicación. Además de notificarle esas faltas, la ODIN le concedió al letrado un término para que las subsanara. No obstante, el licenciado Alvarado Hernández no compareció dentro del término provisto. Por lo tanto, la ODIN le envió una segunda notificación a la dirección de su sede notarial y a otras dos direcciones que aparecían en el RUA. Una de esas notificaciones fue devuelta por el servicio postal. Debido a que el licenciado Alvarado Hernández tampoco compareció, la ODIN refirió el asunto a nuestra consideración.

El 26 de octubre de 2015, tomamos conocimiento del informe de la ODIN y ordenamos la incautación preventiva e inmediata de la obra protocolar y el sello notarial del letrado. Además, le concedimos un término de diez días para que compareciera y mostrara causa por la cual no

debía ser suspendido indefinidamente del ejercicio de la abogacía y la notaría. Esa Resolución se le notificó personalmente al licenciado Alvarado Hernández. Expirado ese término, compareció la ODIN para informarnos que el letrado incumplió con el término provisto por este Tribunal. Al día de hoy, el licenciado Alvarado Hernández todavía no ha comparecido ante nos en respuesta a nuestra orden.

## II

El Código de Ética Profesional, 4 LPRA Ap. IX, establece las normas que deben seguir las personas que practican la abogacía y la notaría en Puerto Rico. In re Crespo Peña, Op. de 8 de abril de 2016, 2016 TSPR 65, pág. 4, 195 DPR ___ (2016). Estas reglas se establecieron para beneficio de la ciudadanía, la profesión legal y las instituciones de justicia. In re Rivera Navarro, Op. de 22 de junio de 2015, 2015 TSPR 100, pág. 7, 193 DPR ___ (2015).

En lo aquí pertinente, el Canon 9 de Ética Profesional, supra, dispone que los letrados tienen el deber de "observar para con los tribunales una conducta que se caracterice por el mayor respeto". Como corolario de esa obligación, se exige que los abogados cumplan pronta y diligentemente las órdenes de todos los tribunales. In re Nieves Nieves, 181 DPR 25, 34 (2011). Por esa razón, "asumir una actitud de menosprecio e indiferencia ante nuestras órdenes, denota falta de

respeto hacia nuestra autoridad, por lo que viola dicho Canon". In re Dávila Toro, Op. de 5 de junio de 2015, 2015 TSPR 79, pág. 6, 193 DPR ___ (2015). Esa violación es completamente independiente de los méritos que pueda tener la queja o el señalamiento presentado contra el abogado. In re Crespo Peña, supra.

Por eso, desatender nuestras órdenes acarrea sanciones disciplinarias, incluso la suspensión inmediata de la profesión. In re Cepero Rivera, et als., Op. de 24 de junio de 2015, 2015 TSPR 119, 193 DPR ___ (2015). Esto es igualmente aplicable a cuando un abogado desatiende los requerimientos que hace la ODIN. In re Pacheco Pacheco, 192 DPR 553 (2015). De esta forma, "[s]i luego de proveerle un término al abogado para que muestre causa por la cual no debe ser suspendido de la profesión, [e]ste incumple con nuestro mandato, procede que el abogado sea sancionado con la suspensión indefinida del ejercicio de la abogacía […]". In re López González, Op. de 24 de junio de 2015, 2015 TSPR 107, pág. 7, 193 DPR ___ (2015).

III

En este caso, el licenciado Alvarado Hernández desatendió nuestra orden para que mostrara causa por la cual no debía ser suspendido de la abogacía y la notaría. Tan es así, que al día de hoy no ha comparecido. Igualmente, ignoró las comunicaciones de la ODIN para que subsanara varias deficiencias en su obra notarial. Esa

conducta, por sí sola, es contraria al Canon 9 de Ética Profesional, supra.

Con su proceder, el letrado nos ha demostrado que no interesa practicar la abogacía y la notaría en Puerto Rico. Como ese es su designio, no tenemos objeción a separarlo indefinidamente de la profesión.

IV

Por los fundamentos antes expuestos, suspendemos inmediata e indefinidamente al Lcdo. Luis A. Alvarado Hernández del ejercicio de la abogacía y la notaría. Si este interesara que consideremos una futura solicitud de reinstalación, deberá, primero, subsanar todas las deficiencias notificadas previamente por la ODIN. Luego de que nos acredite lo anterior, estaremos en posición de evaluar una solicitud a esos fines.

Por otro lado, le imponemos al señor Alvarado Hernández el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos y de informar inmediatamente de su suspensión a los foros judiciales y administrativos de Puerto Rico en los que tenga algún caso pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento de todo lo anterior, dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Luis A. Alvarado Hernández          TS-15,105


SENTENCIA

En San Juan, Puerto Rico, a 18 de mayo de 2016.

Por los fundamentos antes expuestos, en la Opinión que antecede, la cual se hace formar parte integrante de la presente Sentencia, suspendemos inmediata e indefinidamente al Lcdo. Luis A. Alvarado Hernández del ejercicio de la abogacía y la notaría. Si este interesara que consideremos una futura solicitud de reinstalación, deberá, primero, subsanar <u>todas</u> las deficiencias notificadas previamente por la ODIN. Luego de que nos acredite lo anterior, estaremos en posición de evaluar una solicitud a esos fines.

Por otro lado, le imponemos al señor Alvarado Hernández el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos y de informar inmediatamente de su suspensión a los foros judiciales y administrativos de Puerto Rico en los que tenga algún caso pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento de todo lo anterior, dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y lo certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Rivera García no intervino.


                        Juan Ernesto Dávila Rivera
                        Secretario del Tribunal Supremo