EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2016 TSPR 116 |
| | 195 DPR ____ |
| José Maldonado Giuliani | |

Número del Caso: TS-10,726


Fecha: 2 de junio de 2016


Oficina de Inspección de Notarías:

      Lcdo. Manuel E. Ávila de Jesús
      Director


Materia: La suspensión será efectiva el 6 de junio de 2016, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re:* | **Núm.** TS-10,726 |
| José Maldonado Giuliani | |

*PER CURIAM*

San Juan, Puerto Rico, a 2 de junio de 2016.

En esta ocasión, nos vemos obligados a separar a un profesional del Derecho del ejercicio de la profesión de la abogacía y la notaría, debido a su reiterada inobservancia con las órdenes de este Tribunal, los requerimientos de la Oficina de Inspección de Notarias (ODIN) y su incumplimiento con la *Ley notarial de Puerto Rico*, 4 L.P.R.A. sec. 2001 et seq., y el *Reglamento notarial*, 4 L.P.R.A. Ap. XXIV.

I

El Lcdo. José Maldonado Giuliani fue admitido al ejercicio de la profesión de la abogacía el 4 de enero de 1994 y al de la notaría el 7 de febrero de 1994.

El 7 de enero de 2014, el Lcdo. Manuel E. Ávila De Jesús, Director de la ODIN, le cursó una comunicación al licenciado Maldonado Giuliani en la que le señaló que adeudaba un total de setenta y cinco (75) *Índices de actividad notarial mensual* y diez (10) *Informes estadísticos de actividad notarial anual*. A esos efectos, le concedió un término de diez (10) días para presentar los

índices e informes adeudados y expresar las razones tras su reiterado incumplimiento con la *Ley notarial* y el *Reglamento notarial*.

Transcurrido el término concedido, el licenciado Maldonado Giuliani compareció ante la ODIN y presentó los índices mensuales adeudados. No obstante, omitió entregar los informes estadísticos anuales y expresar las razones que justificaban su incumplimiento.

En consecuencia, el Director de la ODIN le informó al licenciado Maldonado Giuliani, mediante correo electrónico, que al así obrar incumplió con las directrices de la ODIN. Asimismo, hizo constar que no surgía de los registros de la ODIN que éste hubiese presentado evidencia acreditativa del pago correspondiente a su Fianza Notarial para los años del 2011 al 2015. Consiguientemente, se le concedió un término, final e improrrogable, hasta el 18 de febrero de 2015, para cumplir con lo requerido. A pesar de ello, el licenciado Maldonado Giuliani optó por desatender, nuevamente, las exigencias de la ODIN.

El 12 de mayo de 2015, la ODIN compareció ante este Foro mediante escrito intitulado *Informe especial*. Tras realizar un recuento de lo anterior, el Director de la ODIN solicitó, entre otras cosas, que se ordenara la suspensión inmediata e indefinida del licenciado Maldonado Giuliani al ejercicio de la notaría.

Examinado dicho *Informe*, el 3 de junio de 2015, notificamos una *Resolución* en la que le concedimos al

licenciado Maldonado Giuliani un término de veinte (20) días para que se expresara en torno a éste. Asimismo, se le apercibió que el incumplimiento con dicha orden podría conllevar sanciones severas, incluyendo la suspensión del ejercicio de la abogacía. El licenciado Maldonado Giuliani no compareció.

Posteriormente, la ODIN compareció ante este Tribunal mediante un *Informe sobre incumplimiento en la corrección de deficiencias notificadas*. En éste, el Director de la ODIN nos informó que, el 26 de octubre de 2015, se le notificó al licenciado Maldonado Giuliani un documento intitulado *Informe de inspección del Lcdo. Maldonado Giuliani*. En dicho *Informe de inspección* se le indicó que existían deficiencias en su obra protocolar correspondiente a los años naturales del 2003 al 2009. De otra parte, se le concedió un término de quince (15) días para expresarse en torno al mismo y notificar las gestiones realizadas para atender las deficiencias señaladas por la Inspectora de protocolos y notarías. El término concedido venció el 11 de noviembre de 2015, sin que el licenciado Maldonado Giuliani compareciese.

A pesar de ello, el Director de la ODIN envió al licenciado Maldonado Giuliani una segunda notificación en la que hizo constar su incumplimiento y le concedió un término final e improrrogable de quince (15) días para cumplir con lo requerido. En esa ocasión, además, se le apercibió al notario que, de incumplir, sería referido ante

este Tribunal. Aun así, el licenciado Maldonado Giuliani hizo caso omiso a la notificación.

Finalmente, el 2 de marzo de 2016, le notificamos personalmente al licenciado Maldonado Giuliani una *Resolución* en la que se le ordenó mostrar causa por la cual no debía imponérsele una sanción de $500.00 al amparo del Artículo 62 de la *Ley notarial*, 4 L.P.R.A. sec. 2102, por incumplir con los requerimientos de la ODIN. Además, se le concedió un término final e improrrogable de quince (15) días para subsanar las deficiencias notificadas en el *Informe de inspección*. Por último, se le apercibió, nuevamente, que incumplir con lo ordenado conllevaría sanciones disciplinarias severas, tal y como la suspensión del ejercicio de la abogacía. No obstante, el licenciado Maldonado Giuliani incumplió con lo ordenado.

## II

El ejercicio diligente, responsable y competente de la profesión de la abogacía y la notaría figura como un supuesto fundamental en el quehacer de los profesionales del Derecho. Véase *In re: Edgardo José Oyola Torres*, 2016 T.S.P.R. 73, 195 D.P.R. ___ (2016); *In re: María N. Toro Imbernón*, 2016 T.S.P.R. 8, 194 D.P.R. ____ (2016); *In re: Luis G. Salas González*, 2015 T.S.P.R. 88, 193 D.P.R. ____ (2015).

En atención a ello, el Canon 9 del *Código de ética profesional* dispone que todo profesional del Derecho "debe observar para con los tribunales una conducta que se

caracterice por el mayor respeto". 4 L.P.R.A. Ap. IX C. 9. Este deber origina, a su vez, "una obligación inexcusable de atender y responder pronta y rigurosamente nuestras órdenes y requerimientos". *In Re: Oyola Torres*, 2016 T.S.P.R. 73, en la pág. 5. Véase, además, *In re: Lourdes Santiago Rodríguez*, 2016 T.S.P.R. 43, en la pág. 4, 194 D.P.R. ___ (2016). Evidentemente, esto cobra mayor rigor en el contexto de procedimientos disciplinarios. *In re: Mark E. Ortiz Walter*, 2016 T.S.P.R. 26, en la pág. 5, 194 D.P.R. ___ (2016).

El incumplimiento con el deber consagrado en el Canon 9 del *Código de ética profesional* acarrea la imposición de sanciones disciplinarias severas, incluyendo, la suspensión indefinida del ejercicio de la profesión de la abogacía. *In re: Aida Martha Lebrón Arroyo*, 2016 T.S.P.R. 49, en la pág. 3, 195 D.P.R. ___ (2016); *In re: De Jesús Román*, 192 D.P.R. 799 (2015); *In re: Martínez Rodríguez*, 192 D.P.R. 539, 542 (2015); *In re: Aponte Sánchez*, 178 D.P.R. 647, 649 (2010). Cabe señalar, además, que dicha violación es independiente de los méritos que pueda tener una queja presentada en contra del abogado. *In re: Verónica Del C. Crespo Peña*, 2016 T.S.P.R. 65, 195 D.P.R. ___ (2016).

De otra parte, cabe recordar que, además de los postulados éticos que componen el *Código de ética profesional*, el ejercicio de la notaría también está regulado por la *Ley notarial* y el *Reglamento notarial*.

De esta forma, como custodio de la fe pública, recae en el notario la obligación de ejercer la notaría con diligencia y gran celo profesional. Véase *In re: Carlos M. Palmer Ramos*, 2016 T.S.P.R. 61, en la pág. 12, 195 D.P.R. ___ (2016); *In re: Fontanez Fontanez*, 181 D.P.R. 401, 418 (2011). Por consiguiente, el incumplimiento con dicho esquema normativo "constituye una conducta reprochable que expone al profesional del Derecho a acciones disciplinarias". *In re: Rafael J. Vázquez González*, 2016 T.S.P.R. 27, en la pág. 6, 194 D.P.R. ___ (2016). Véase, además, *In re: López Cordero*, 164 D.P.R. 710, 715-716 (2005).

Como parte de su función fiscalizadora, la ODIN se da a la tarea de señalarle al notario su incumplimiento con las disposiciones de la *Ley notarial* y el *Reglamento notarial.* En atención a ello, todo notario tiene el deber de atender con diligencia los señalamientos que haga la ODIN y le corresponde subsanar aquellas faltas señaladas. Véase *In re: Vázquez González*, 2016 T.S.P.R. 27; *In re: García Aguirre*, 190 D.P.R. 539, 545 (2014); *In re: Ponce Ponce*, 190 D.P.R. 504 (2014); *In re: Padilla Santiago*, 190 D.P.R. 535, 538 (2014); *In re: Martínez Class*, 184 D.P.R. 1050 (2012).

Conforme a lo anterior, "los abogados deben responder diligentemente a los requerimientos de la ODIN y del Procurador General, puesto que su inobservancia acarrea el mismo efecto que cuando se desatiende una orden emitida por

este Foro". *In re: Oyola Torres*, 2016 T.S.P.R. 73, en la pág. 5; *In re: Ortiz Walter*, 2016 T.S.P.R. 26, en la pág. 6.

Por otro lado, reiteradamente este Tribunal ha señalado la importancia de dar cumplimiento a la presentación de *Índices de actividad notarial mensual* e *Informes estadísticos de actividad notarial anual*, conforme al Artículo 12 de la *Ley notarial*, 4 L.P.R.A. sec. 2023, y la Regla 12 del *Reglamento notarial*, 4 L.P.R.A. Ap. XXIV R. 12. El incumplimiento con estas disposiciones resulta en una conducta irremisible. Así, pues, continuamente nos vemos forzados a ejercer nuestra autoridad disciplinaria contra aquellos notarios que eluden su obligación de presentar dichos índices e informes. Véase *In re: Ortiz Walter*, 2016 T.S.P.R. 26; *In re: Santiago Ortiz*, 191 D.P.R. 950, 959 (2014); *In re: Feliciano Lasalle*, 175 D.P.R. 110, 114-115 (2008); *In re: Cruz Ramos,* 127 D.P.R. 1005, 1007 (1991).

Finalmente, cabe destacar que tener vigente una Fianza Notarial constituye un requisito fundamental para ejercer la práctica de la notaría. 4 L.P.R.A. sec. 2011. En múltiples ocasiones, ha sido necesaria nuestra intervención disciplinaria en casos en los que un notario opera al margen de dicho requisito; ello, pues, éste pone en riesgo el tráfico jurídico y las personas que utilizan sus servicios. Véase *In re: Martínez Miranda*, 174 D.P.R.

773, 777 (2008); *In re: Ribas Dominicci*, 131 D.P.R. 491, 497 (1992).

Reiteramos, sin ambages, que aquellos profesionales del Derecho que no estén dispuestos a cumplir cabalmente con las obligaciones inherentes al notariado, se abstengan de su ejercicio. Véase *In re: Carrasquillo Martínez*, 173 D.P.R. 798, 801 (2008); *In re: Miranda Casasnovas*, 175 D.P.R. 774, 778-779 (2009).

## III

Surge de los hechos que el licenciado Maldonado Giuliani ha demostrado una actitud de patente desidia para con este Tribunal y la ODIN. En primer lugar, éste violentó las disposiciones de la *Ley notarial* y el *Reglamento notarial* al dejar de presentar los índices e informes correspondientes y no satisfacer los pagos de su Fianza Notarial. Además, incumplió con los deberes del ejercicio de su ministerio al hacer caso omiso al proceso de subsanación de faltas de su obra protocolar.

A su vez, en la medida que incumplió tanto con las órdenes de este Tribunal, como con los requerimientos de la ODIN, el licenciado Maldonado Giuliani violentó el Canon 9 del *Código de ética profesional*. Dicho proceder pone de manifiesto su patente indiferencia hacia sus obligaciones como abogado y notario.

**IV**

Por los fundamentos que anteceden, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía y la notaría del licenciado Maldonado Giuliani. En caso de que éste se encuentre representando clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolver los honorarios por trabajos no realizados e informar inmediatamente sus respectivas suspensiones a cualquier foro judicial y administrativo en el que tenga casos pendientes. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Asimismo, se le ordena al licenciado Maldonado Giuliani a subsanar las deficiencias en su obra notarial, a sus expensas, y a entregar los *Informes estadísticos de actividad notarial anual* que adeuda, en un término -final e improrrogable- de treinta días (30). Por último, durante el mismo término, debe realizar el pago de una multa de $500.00 a tenor con el Artículo 62 de la *Ley notarial*, 4 L.P.R.A. sec. 2102. De igual forma, deberá acreditar a este Tribunal el cumplimiento con lo anterior.

Finalmente, la Oficina del Alguacil de este Tribunal deberá incautar, de inmediato, la obra protocolar del licenciado Maldonado Giuliani y entregar la misma al Director de la ODIN.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re:* | **Núm.** TS-10,726 |
| José Maldonado Giuliani | |

SENTENCIA

San Juan, Puerto Rico, a 2 de junio de 2016

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía y la notaría del Lcdo. José Maldonado Giuliani. En caso de que éste se encuentre representando clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolver los honorarios por trabajos no realizados e informar inmediatamente sus respectivas suspensiones a cualquier foro judicial y administrativo en el que tenga casos pendientes. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Asimismo, se le ordena al licenciado Maldonado Giuliani a subsanar las deficiencias en su obra notarial, a sus expensas, y a entregar los *Informes estadísticos de actividad notarial anual* que adeuda, en un término -final e improrrogable- de treinta días (30). Por último, durante el mismo término, debe realizar el pago de una multa de $500.00 a tenor con el Artículo 62 de la *Ley notarial*, 4 L.P.R.A. sec. 2102. De igual forma, deberá acreditar a este Tribunal el cumplimiento con lo anterior.

Finalmente, la Oficina del Alguacil de este Tribunal deberá incautar, de inmediato, la obra protocolar del licenciado Maldonado Giuliani y entregar la misma al Director de la ODIN.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo