EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Ricardo Mas González | 2018 TSPR 40<br><br>199 DPR ____ |

Número del Caso: TS-14,090


Fecha: 1 de marzo de 2018

Abogado de la parte promovida:
        Por derecho propio


Programa de Educación Jurídica Continua:
        Lcdo. José I. Campos Pérez
        Director



Materia:  Conducta Profesional – La suspensión del abogado será efectiva el 6 de marzo de 2018, fecha en que se le notificó al abogado de su suspensión inmediata.



Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ricardo Mas González

TS-14,090

PER CURIAM

En San Juan, Puerto Rico, a 1 de marzo de 2018.

Una vez más nos vemos obligados a ejercer nuestra facultad disciplinaria en contra de un miembro de la profesión jurídica que ha incumplido con los requisitos del Programa de Educación Jurídica Continua (PEJC) y con nuestras órdenes.

I

El Lcdo. Ricardo Más González fue admitido al ejercicio de la abogacía el 19 de abril de 2002 y al ejercicio de la notaría el 8 de mayo de 2002. El 18 de febrero de 2014, renunció voluntariamente al ejercicio de la notaría. El 12 de marzo de 2014, emitimos una

Resolución en la cual hicimos constar que se dio por terminada la fianza notarial que garantizaba sus funciones. El 9 de marzo de 2017, el Director Ejecutivo del PEJC, el Lcdo. José Ignacio Campos Pérez, presentó un *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua*. En este, señaló que el licenciado Más González incumplió con los requisitos del PEJC durante el periodo del 1 de abril de 2009 al 31 de marzo de 2011.

El 24 de mayo de 2011, el PEJC le envió al licenciado Más González un *Aviso de Incumplimiento* otorgándole, entre otras alternativas, 60 días adicionales para completar los requisitos reglamentarios para el periodo 2009-2011 y pagar la multa por cumplimiento tardío, a tenor con la Regla 30(C) del Reglamento del Programa de Educación Jurídica Continua, 4 LPRA Ap. XVII-E. El término venció y el letrado no cumplió con lo requerido. Por consiguiente, el 13 de diciembre de 2013 se le envió a este una citación a una vista informal a celebrarse el 30 de enero de 2014. Llegado el día de la vista, el abogado no compareció.

El 20 de enero de 2016, se le notificó por correo al licenciado Más González el *Informe del Oficial Examinador* junto con la determinación de la entonces Directora Ejecutiva del PEJC, la Hon. Geisa M. Marrero Martínez, respecto a la vista informal celebrada el 30 de enero de 2014. En la determinación, se le advirtió que si no subsanaba la insuficiencia de créditos ni pagaba la multa por cumplimiento tardío correspondientes a ese periodo dentro de un término

adicional de 30 días, el asunto objeto de la vista informal sería referido a este Tribunal. Asimismo, se le apercibió que de referirse su caso por incumplimiento con el periodo 2009-2011, también se nos informaría de los periodos posteriores incumplidos.

Transcurrido el término sin que el licenciado cumpliera con la orden, el Director del PEJC refirió este asunto a nuestra consideración. El 26 de abril de 2017, emitimos una Resolución en la que le concedimos un término de 20 días al licenciado Más González para que compareciera y mostrara causa por la cual no debíamos suspenderlo del ejercicio de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido. Sin embargo, el letrado no respondió a nuestro requerimiento. Consecuentemente, el 21 de junio de 2017, emitimos una segunda resolución en la que le concedimos un término final de 10 días para cumplir con nuestra orden. Este término venció y el letrado no compareció.

## II

El Código de Ética Profesional recoge las normas de conducta que rigen a los miembros de la profesión legal en Puerto Rico para beneficio de la ciudadanía, la profesión y las instituciones de justicia. In re Crespo Peña, 195 DPR 318, 321 (2016); In re Rivera Navarro, 193 DPR 303, 310 (2015). El Canon 2 de este Código, 4 LPRA Ap. IX C. 2, dispone que los abogados deben mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la

participación en programas educativos de mejoramiento profesional con el fin de viabilizar el objetivo de representación legal adecuada para toda persona.

Por lo tanto, todo abogado debe cumplir con los requisitos establecidos en el Reglamento de Educación Jurídica Continua, 4 LPRA Ap. XVII-D, y el Reglamento del Programa de Educación Jurídica Continua, supra. La Regla 6 del Reglamento de Educación Jurídica Continua, supra, dispone que todos los abogados activos deben tomar por lo menos 24 horas créditos en educación continua cada dos años. Por otro lado, la Regla 28 del Reglamento del Programa de Educación Jurídica Continua, supra, dispone que todo abogado debe presentar un informe ante la Junta del PEJC acreditando el cumplimiento con las horas crédito requeridas no más tarde de 30 días luego de concluido el periodo de 2 años.

Si un abogado incumple con los requisitos de educación jurídica continua, la Regla 29 del Reglamento del Programa de Educación Jurídica Continua, supra, dispone para que dentro de los 30 días siguientes a la terminación del periodo de cumplimiento se le envíe a este un aviso de incumplimiento. Si no completó los créditos requeridos durante el periodo de cumplimiento correspondiente, el profesional del Derecho deberá cumplir con las horas crédito requeridas en un periodo de 60 días a partir de la notificación del aviso de incumplimiento y pagar una multa por cumplimiento tardío por la cantidad de $50. Regla 30(C) del Reglamento del Programa de Educación Jurídica Continua, supra.

Transcurrido el término sin que se haya acreditado el cumplimiento con las horas crédito requeridas luego de notificado un aviso de incumplimiento, el Director del PEJC citará por escrito al abogado a una vista informal. Regla 31(A) del Reglamento del Programa de Educación Jurídica Continua, supra. Si este no comparece a la vista, el asunto se remitirá a este Tribunal. Regla 32(D) del Reglamento del Programa de Educación Jurídica Continua, supra. Anteriormente, este Tribunal ha disciplinado profesionalmente a los abogados que han desatendido los requerimientos de la Junta e incumplido con las horas de educación jurídica continua.

Por otro lado, el Canon 9 de Ética Profesional, 4 LPRA Ap. IX, C.9, dispone que los abogados deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto". Como corolario de ese deber, se exige que los abogados atiendan pronta y diligentemente las órdenes de todos los tribunales. In re Crespo Peña, supra; In re Nieves Nieves, 181 DPR 25, 34 (2011). Por eso, hemos reiterado que los miembros de la profesión legal tienen el deber de contestar con diligencia los requerimientos de este Tribunal relacionados con su práctica profesional. In re Pestaña Segovia, 192 DPR 485, 493 (2015); In re Rivera Triani, 188 DPR 454, 460 (2013).

## III

El licenciado Más González ha desatendido su obligación de obtener ciertos créditos de educación continua conducentes

a su desarrollo y capacitación profesional. Como mencionamos, este incumplió con los requisitos del PEJC durante el periodo del 1 de abril de 2009 al 31 de marzo de 2011.

Por otro lado, el letrado Más González no ha comparecido ante nos para rectificar su omisión o mostrar justa causa por la cual no cumplió con los requisitos de educación jurídica continua y no compareció ante el PEJC cuando le fue requerido, aunque le concedimos amplia oportunidad para hacerlo. Cuando un abogado se muestra indiferente ante los apercibimientos de sanciones disciplinarias por no comparecer ante este Tribunal, procede su suspensión inmediata de la profesión. In re Rivera Triani, supra, pág. 461. Con su conducta, el licenciado Más Gonzalez nos demostró que no tiene interés en practicar la abogacía.

Así pues, ante el incumplimiento del licenciado Más González con las horas crédito de educación jurídica continua antes indicadas y con nuestras órdenes, nos vemos obligados a suspenderlo indefinidamente del ejercicio de la abogacía. Según lo exige la Regla 10 del Reglamento de Educación Jurídica Continua, supra, el licenciado Más González no podrá ser readmitido al ejercicio de la abogacía a no ser que, en su moción para solicitar la reinstalación a la profesión evidencie fehacientemente la forma en que cumplió con los requisitos de educación jurídica continua insatisfechos.

IV

Por los fundamentos expuestos, suspendemos inmediata e indefinidamente del ejercicio de la abogacía al licenciado

Más González. Se impone al señor Más González el deber de notificar a sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ricardo Mas González

TS-14,090

SENTENCIA

En San Juan, Puerto Rico, a 1 de marzo de 2018.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia, suspendemos inmediata e indefinidamente del ejercicio de la abogacía, al Lcdo. Ricardo Mas González por incumplir con los requisitos del Programa de Educación Jurídica Continua y debido a su falta de atención a las órdenes del Tribunal, en relación al Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, C.9.

Se le impone al licenciado Mas González el deber de notificar inmediatamente a sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez concurre por los fundamentos expuestos en la expresión que emitió el Juez Asociado señor Estrella Martínez en <u>In re Reina Davis Pérez</u>, 2017 TSPR 180, 198 DPR ___ (2017). El Juez Asociado señor Estrella Martínez concurre por los fundamentos contenidos en su expresión en <u>In re Reina Davis Pérez</u>, 2017 TSPR 180, 198 DPR ___ (2017). El Juez Asociado señor Colón Pérez concurre con el resultado.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo