EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> José A. Plaud González | 2020 TSPR 62 <br><br> 204 DPR _____ |

Número del Caso: TS-11,630


Fecha: 21 de julio de 2020


Lcdo. José A. Plaud González:

    Por derecho propio



Programa de Educación Jurídica Continua:

    Lcda. María Cecilia Molinelli González




 Materia:  La suspensión será efectiva el 23 de julio de 2020, fecha en
 que se le notificó al abogado de su suspensión inmediata.




Este documento constituye un documento oficial del Tribunal Supremo que
está sujeto a los cambios y correcciones del proceso de compilación y
publicación oficial de las decisiones del Tribunal. Su distribución
electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José A. Plaud González

TS-11,630

PER CURIAM

En San Juan, Puerto Rico, a 21 de julio de 2020.

Una vez más nos vemos obligados a ejercer nuestra facultad disciplinaria en contra de un miembro de la profesión jurídica que ha incumplido con los requisitos del Programa de Educación Jurídica Continua (PEJC) y con nuestras órdenes.

I

El Lcdo. José A. Plaud González fue admitido al ejercicio de la abogacía el 26 de junio de 1996 y al ejercicio de la notaría el 19 de septiembre de 1996. El 19 de mayo de 2011, el licenciado Plaud González fue suspendido del ejercicio de la abogacía y de la

notaría. Posteriormente, el 9 de abril de 2012, se reinstaló al letrado a la práctica de la abogacía.

Más tarde, el 17 de enero de 2014, el PEJC envió al licenciado Plaud González un aviso de incumplimiento. Le otorgó, entre otras alternativas, 60 días adicionales para completar los requisitos reglamentarios para el periodo 2011-2013 y pagar la multa por cumplimiento tardío. El término venció y el letrado no cumplió con lo requerido. El abogado tampoco cumplió con los requisitos del programa para el periodo posterior, es decir, el que transcurrió desde el 1 de diciembre de 2013 al 20 de noviembre de 2016, y para el cual también se notificó el correspondiente aviso de incumplimiento.

Transcurrido el término sin que el abogado cumpliera la orden, la Lcda. María C. Molinelli González, Directora del PEJC, refirió este asunto a nuestra consideración. El 16 de julio de 2019, emitimos una Resolución en la que concedimos un término de 20 días al licenciado Plaud González, para que compareciera y mostrara causa por la cual no debíamos suspenderlo del ejercicio de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido. Incluso, en varias ocasiones, le concedimos prórrogas adicionales para cumplir con todos los requerimientos del PEJC. Consecuentemente, el 7 de octubre de 2019, emitimos una tercera resolución en la que le concedimos un término de 60 días para cumplir con nuestra orden. Este término venció y

el letrado no compareció. Cabe destacar que el abogado tampoco cumplió con el último periodo, del 1 de diciembre de 2016 al 30 de noviembre de 2019.

II

El Código de Ética Profesional recoge las normas de conducta que rigen a los miembros de la profesión legal en Puerto Rico para beneficio de la ciudadanía, la profesión y las instituciones de justicia. In re Crespo Peña, 195 DPR 318, 321 (2016); In re Rivera Navarro, 193 DPR 303, 310 (2015). El Canon 2 de este Código, 4 LPRA Ap. IX, dispone que los abogados deben mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional con el fin de viabilizar el objetivo de representación legal adecuada para toda persona. Por lo tanto, para cumplir con el Canon 2 del Código, los abogados deben obedecer los requisitos del Reglamento del Programa de Educación Jurídica Continua. Este Tribunal ha disciplinado profesionalmente a los abogados que han desatendido los requerimientos de la Junta e incumplido con las horas de educación jurídica continua.

Por otro lado, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, dispone que los abogados deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto". Como corolario de ese deber, se exige que los abogados atiendan pronta y diligentemente las órdenes de todos los tribunales. In re

Crespo Peña, supra; In re Nieves Nieves, 181 DPR 25, 34 (2011). En reiteradas ocasiones hemos resuelto que los abogados tienen el deber y la obligación de contestar, de manera oportuna y diligente, los requerimientos y órdenes de este Tribunal, particularmente en procesos disciplinarios. In re Pestaña Segovia, 192 DPR 485, 493 (2015); In re Rivera Triani, 188 DPR 454, 460 (2013). Además, hemos expresado que los requerimientos de la ODIN y del PEJC son análogos a los que hace este Tribunal. In re Collazo Santiago, 201 DPR 630, 635 (2018); In re Pacheco Pacheco, 192 DPR 553, 561 (2015).

Asumir una actitud de menosprecio e indiferencia ante nuestras órdenes, y los requerimientos de nuestros funcionarios y organismos, denotan una falta de respeto hacia nuestra autoridad y constituye una violación del Canon 9, supra. Véase, In re Colón Collazo, 196 DPR 239 (2016). Cónsono con lo que hemos resuelto, reiteramos que "la dejadez es incompatible con el ejercicio de la abogacía". In re Rivera Trani, supra, pág. 461. Véase además, In re González Barreto, 169 DPR 772, 774 (2006). Por consiguiente, incumplir con el Canon 9, supra, es razón suficiente para separar a un abogado de la profesión. In re Toro Soto, 181 DPR 654, 660 (2011). Véase, además, In re Irizarry Irizarry, 190 DPR 368, 375 (2014).

### III

Como señalamos y según el trámite procesal expuesto, el letrado incumplió con los requisitos del PEJC, a pesar de que se le dio la oportunidad de ser oído y tiempo en exceso

para cumplir con su obligación. Así, el licenciado Plaud González desatendió su obligación de obtener los créditos de educación continua conducentes a su desarrollo y capacitación profesional.

Cuando un abogado se muestra indiferente ante los apercibimientos de sanciones disciplinarias por no comparecer ante este Tribunal, procede su suspensión inmediata de la profesión. In re Mangual Acevedo, 197 DPR 998, 1001 (2017); In re Rivera Triani, supra, pág. 461. Con su conducta, el licenciado Plaud González nos demostró que no tiene interés en practicar la abogacía.

## IV

Por los fundamentos expuestos, se dictará Sentencia en la que suspendemos inmediata e indefinidamente del ejercicio de la abogacía al licenciado Plaud González. Se impone al señor Plaud González el deber de notificar inmediatamente a sus clientes de su inhabilidad para seguir representándoles, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo podría conllevar que no se le reinstale si lo solicitare.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


José A. Plaud González

TS-11,630


SENTENCIA

En San Juan, Puerto Rico, a 21 de julio de 2020.

Por los fundamentos expuestos, en la Opinión que antecede, la cual se hace formar parte de esta Sentencia, suspendemos inmediata e indefinidamente del ejercicio de la abogacía al licenciado Plaud González. Se impone al señor Plaud González el deber de notificar inmediatamente a sus clientes de su inhabilidad para seguir representándoles, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo podría conllevar que no se le reinstale si lo solicitare.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo