*In re* ROBERTO RODRÍGUEZ CINTRÓN, querellado.

*Número:* AB-2016-222  *Resuelto:* 30 de junio de 2017

---

562

*Joseph G. Feldstein del Valle*, subprocurador auxiliar, y *Celia M. Molano Flores*, procuradora general auxiliar; *Wilfredo Méndez de Jesús*, quejoso; *Roberto Rodríguez Cintrón, pro se*.

PER CURIAM: Nuevamente nos vemos obligados a suspender del ejercicio de la abogacía y de la notaría a un miembro de la profesión legal que incumple con los requerimientos de la Oficina del Procurador General y de este Tribunal. Veamos.

I

El Lcdo. Roberto Rodríguez Cintrón fue admitido al ejercicio de la abogacía el 17 de agosto de 2010 y al ejercicio de la notaría el 15 de agosto de 2011.

El 16 de julio de 2015, el señor Wilfredo Méndez de Jesús presentó una queja contra el referido letrado en la que sostuvo, entre otras cosas, que éste abandonó un caso en el cual lo representaba legalmente. El señor Méndez de Jesús nos informó, además, que a pesar de las múltiples gestiones realizadas, no lograba comunicarse con el abogado en cuestión.

Así las cosas, el 15 de agosto de 2016 la Lcda. Sonnya Isabel Ramos Zeno, subsecretaria de este Tribunal, le envió una comunicación al licenciado Rodríguez Cintrón a la

que le anejó una copia de la mencionada queja y le concedió un término de diez días para que la contestara. Aproximadamente un mes después de recibir la comunicación referida —entiéndase, el 12 de septiembre de 2016—, el licenciado Rodríguez Cintrón presentó su contestación. En esencia, el letrado negó las alegaciones en su contra.

Al contar con la comparecencia de ambas partes, el 11 de octubre de 2016 este Tribunal refirió el asunto a la Oficina de la entonces Procuradora General, Lcda. Margarita Mercado Echegaray, para que realizara una investigación y rindiera el informe de rigor a tenor de la Regla 14(d) del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B. Posteriormente, el 7 de febrero de 2017, emitimos una Resolución en la que le concedimos al Procurador General, Lcdo. Luis R. Román Negrón, un término final de veinte días para que concluyera su investigación y rindiera su informe.

Oportunamente, la Oficina del Procurador General compareció ante nos mediante una Moción Informativa y en Solicitud de Remedio, en la que nos indicó que el 26 de octubre de 2016 le cursó un requerimiento de información al licenciado Rodríguez Cintrón y le concedió un término de diez días para que lo completara, mas éste no compareció. La Oficina del Procurador General también nos informó que, vencido el término concedido y sin haber recibido las contestaciones por parte del letrado, el 17 de noviembre de 2016 se comunicó vía telefónica con el licenciado Rodríguez Cintrón, quien indicó que se encontraba realizando gestiones para proveer la información solicitada. No obstante, el mencionado letrado no cumplió con los requerimientos de dicha Oficina.

En vista de que el licenciado Rodríguez Cintrón no había contestado el requerimiento de información mencionado, el 12 de diciembre de 2016 la Oficina del Procurador General intentó infructuosamente comunicarse con el letrado por la vía telefónica, por lo que se le dejó un mensaje en el que se le requirió que se comunicara con ésta. No

obstante, el letrado no se comunicó con la Oficina del Procurador General ni respondió al requerimiento cursado.

Ante el reiterado incumplimiento del licenciado Rodríguez Cintrón con estos requerimientos, el 9 de febrero de 2017 la Oficina del Procurador General le envió una comunicación al letrado vía correo certificado y por correo electrónico, en la que se le concedió hasta el 24 de febrero del mismo año para que sometiera sus contestaciones. El letrado, nuevamente, hizo caso omiso a la referida comunicación.

Así pues, oportunamente, la Oficina del Procurador General nos informó de los problemas que estaba confrontando para que el licenciado Rodríguez Cintrón cumpliera con sus requerimientos. Evaluados los planteamientos de la Oficina del Procurador General, el 19 de abril de 2017 emitimos una Resolución en la que le concedimos al letrado un término final e improrrogable de cinco días para comparecer a la Oficina del Procurador General y contestar los requerimientos de información que le fueron cursados. Se le apercibió, además, que el incumplimiento con esta Resolución podría conllevar sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la abogacía. No empece a ello, el letrado tampoco ha comparecido ante nos.

Es, pues, a la luz del marco teórico y procesal antes expuesto que procedemos a atender este asunto disciplinario sin trámite ulterior.

## II

Como es sabido, el Código de Ética Profesional es el cuerpo legal que contiene la normativa deontológica que rige la conducta de todas las personas que ejercen la abogacía y la notaría en nuestro país. Este código tiene como propósito promover el desempeño personal y profesional de los abogados y las abogadas de acuerdo con los más altos principios de conducta decorosa para beneficio de la ciuda-

danía, de la profesión y de las instituciones de justicia. *In re Franco Rivera*, 197 DPR 628 (2017); *In re Guzmán Guzmán*, 181 DPR 495 (2011); *In re González Cardona*, 179 DPR 548 (2010).

En lo pertinente a este caso, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, requiere que quienes ejercen la profesión legal observen una conducta que se caracterice por el mayor respeto hacia los tribunales. *In re Montalvo Delgado*, 196 DPR 541 (2016); *In re Torres Rodríguez*, 188 DPR 304 (2013); *In re Cuevas Borrero*, 185 DPR 189 (2012). Lo anterior incluye, claro está, el deber que tienen los abogados y las abogadas de responder con diligencia a los requerimientos de este Tribunal. *In re López Castro*, 197 DPR 819 (2017); *In re Rivera Navarro*, 193 DPR 303 (2015); *In re Salas González*, 193 DPR 387 (2015); *In re Arroyo Rivera*, 182 DPR 732 (2011). Es norma reiterada que la desatención a nuestras órdenes constituye un serio desafío a la autoridad de los tribunales e infringe el referido Canon 9. *In re Núñez Vázquez*, 197 DPR 506 (2017); *In re Pestaña Segovia*, 192 DPR 485 (2015); *In re De León Rodríguez*, 190 DPR 378 (2014); *In re Dávila Toro*, 179 DPR 833 (2010); *In re González Carrasquillo*, 164 DPR 813 (2005).

Este deber —el de cumplir con nuestras órdenes y requerimientos —también se extiende a las entidades públicas que con autoridad *están "llamadas a intervenir en la consecución de un proceso disciplinario [...] como es el caso de la Oficina de[l] Procurado[r] General [...]"*. (Énfasis suplido). *In re Maldonado Nieves*, 192 DPR 973, 981 (2015). Véanse, además: *In re Pestaña Segovia*, supra, pág. 493; *In re García Ortiz*, 187 DPR 507 (2012); *In re López Bocanegra*, 183 DPR 224, 226 (2011). Así pues, " 'el incumplimiento con los requerimientos de la Oficina [*del Procurador*] *General es igualmente reprochable y acarrea las mismas sanciones que la falta de atención a las órdenes de este Tribunal"*. (Énfasis suplido). *In re Maldonado Nie-*

*ves*, supra, pág. 981. Véanse: *In re López Bocanegra*, 183 DPR 224 (2011); *In re Arzón Rivera*, 175 DPR 763 (2009).

En ese sentido, al igual que cuando ignoran los requerimientos de este Tribunal, procede la suspensión inmediata e indefinida del ejercicio de la profesión del abogado o la abogada que ignora los requerimientos de la Oficina del Procurador General. *In re Ortiz Álvarez*, 163 DPR 245 (2004). Véanse, además: *In re Maldonado Nieves*, supra; *In re Chardón Dubós*, 191 DPR 201 (2014); *In re Gutiérrez Prats*, 138 DPR 673 (1991).

## III

Como pudimos apreciar, en lo que respecta al caso de autos, el licenciado Rodríguez Cintrón ha hecho caso omiso a nuestras órdenes y a los requerimientos de la Oficina del Procurador General. Además, se ha mostrado indiferente ante nuestro apercibimiento de imponerle sanciones disciplinarias por su conducta para con el Tribunal Supremo.

Su conducta, sin lugar a dudas, constituye un patrón de desidia y refleja falta de interés en continuar ejerciendo la profesión. En vista de ello, *se le suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría.*

Siendo ello así, *se le impone al licenciado Rodríguez Cintrón el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con lo anterior, dentro del término de treinta días a partir de la notificación de esta Opinión "per curiam" y Sentencia.*

*Se ordena, además, al Alguacil de este Tribunal que incaute su obra notarial, incluyendo su sello notarial, y que los entregue al Director de la Oficina de Inspección de No-*

*tarías para el correspondiente examen e informe a este Tribunal. La fianza notarial del señor Rodríguez Cintrón queda automáticamente cancelada y se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por el señor Rodríguez Cintrón durante el periodo en que la fianza estuvo vigente. Notifíquese personalmente esta Opinión "per curiam" y Sentencia.*

*Se dictará Sentencia de conformidad.*