EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Héctor R. Díaz Vanga<br>      (Ts-15,464) | 2018 TSPR 197<br><br>201 DPR ____ |

Número del Caso:    AB-2017-260
                    AB-2018-42
                    AB-2018-234


Fecha: 30 de noviembre de 2018


Abogada del promovido:

    Por derecho propio


Oficina del Procurador General

        Lcdo. Isaías Sánchez Báez
        Procurador General

        Lcda. Lorena Cortes Rivera
        Subprocuradora General

        Lcda. Yaizamarie Lugo Fontánez
        Procuradora General Auxiliar




Materia:  La suspensión será efectiva el 14 de diciembre de 2018, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Héctor R. Díaz Vanga
    (TS-15,464)                    AB-2017-0260
                                   AB-2018-0042
                                   AB-2018-0234


PER CURIAM

En San Juan, Puerto Rico, a 30 de noviembre de 2018.

El Lcdo. Héctor R. Díaz Vanga tiene tres asuntos pendientes ante este Tribunal, todos originados por quejas que fueron presentadas en su contra. Por ignorar las órdenes que le hemos dado con relación a los tres asuntos, lo suspendemos de manera inmediata e indefinida del ejercicio de la profesión legal.

I

El licenciado Díaz Vanga fue admitido a la práctica legal el 23 de agosto de 2005. En 2011 se le amonestó por infringir los Cánones 12, 18 y 19 del Código de Ética Profesional, 4 LPRA Ap. IX (AB-2010-0278). El mes pasado lo censuramos enérgicamente por

infringir los Cánones 9, 12, 18 y 20 del Código de Ética Profesional, supra (AB-2017-0260). Hoy tenemos tres asuntos pendientes relacionados al licenciado Díaz Vanga y en los tres el licenciado ha hecho caso omiso a nuestras órdenes.

## AB-2017-0260

En agosto de 2017, la Sra. Haydee Reyes Rivera presentó una queja contra el licenciado Díaz Vanga. Alegó que desconocía el estatus de un caso de herencia en el que el licenciado la representaba; que el abogado cerró su oficina; que no le contestaba las llamadas por teléfono y que se negaba a entregarle el expediente del caso. El 11 de enero de 2018, la Subsecretaria del Tribunal Supremo remitió copia del expediente a la Oficina del Procurador General para investigación e informe. Hizo constar que envió dos notificaciones al licenciado Díaz Vanga a su dirección en el Registro Único de Abogados y Abogadas (RUA) para que contestara la queja, pero este no lo hizo.

El 9 de mayo de 2018, la Oficina del Procurador General le expidió una comunicación por correo certificado y regular concediéndole un término final de una semana para que contestara la queja. La comunicación fue devuelta como no reclamada por el destinatario el 30 de mayo de 2018. El 1 de junio de 2018, con relación a otro asunto, el licenciado Díaz Vanga envió un correo electrónico a la Oficina del Procurador General. La Procuradora General Auxiliar asignada al caso aprovechó la ocasión para conversar por teléfono con el licenciado y le informó sobre

la queja. También le envió un correo electrónico concediéndole otro término para contestarla. El licenciado contestó la queja seis días después de que venció el término que le fue concedido.

El 12 de junio de 2018, el Procurador General presentó un informe preliminar para informar sobre la demora irrazonable del licenciado Díaz Vanga en contestar la queja y para solicitar un término adicional para continuar investigando la queja. Concedido el término solicitado, el Procurador General sometió su informe final el 18 de julio de 2018. El 23 de agosto de 2018, concedimos a la parte promovente, señora Reyes Rivera, y al licenciado Díaz Vanga un término de veinte días para expresarse sobre el informe.

Transcurrido el plazo dispuesto sin que las partes comparecieran, entendimos que se allanaron al informe. Por ello, el 26 de octubre de 2018 censuramos enérgicamente al licenciado Díaz Vanga por violación de los Cánones 9, 12, 18 y 20 del Código de Ética Profesional, supra, de conformidad con la recomendación del Procurador General. Le ordenamos que nos acreditara la devolución del expediente a la señora Reyes Rivera en un plazo de quince días. El plazo venció, mas el licenciado no compareció.

**AB-2018-0042**

El 5 de marzo de 2018, el Sr. Rafael Menéndez Maldonado presentó una queja contra el licenciado Díaz Vanga. Arguyó que lo contrató para un caso de divorcio pero que el licenciado nunca emplazó a la parte demandada, no cumplió

con las órdenes del Tribunal de Primera Instancia, no compareció a las vistas y no le mantuvo informado sobre el desarrollo del caso. Finalmente, alegó que el licenciado se negó a entregarle el expediente cuando se le solicitó, en contravención a una orden del Tribunal de Primera Instancia.

El 20 de marzo de 2018, la Subsecretaria de este Tribunal envió una comunicación por correo postal al licenciado Díaz Vanga concediéndole diez días para contestar la queja. El 17 de abril de 2018, le envió una segunda comunicación, esta vez por correo electrónico, con un término final de diez días para contestar. Como el licenciado no compareció, la Subsecretaria refirió el caso a la Oficina del Procurador General. El 15 de mayo de 2018, la Procuradora General Auxiliar asignada al caso le escribió al licenciado por correo certificado, regular y electrónico, y le concedió un término final para contestar la queja, a vencer el 25 de mayo de 2018. La comunicación por correo certificado fue devuelta por no haber sido reclamada.

El 1 de junio de 2018, el licenciado se comunicó por correo electrónico con la Oficina del Procurador General. Dijo que recibió la comunicación, pero que no había recibido la queja. Solicitó que se le enviara por correo electrónico. Así lo hizo la Procuradora General Auxiliar, y le concedió un nuevo término para contestar vencedero el 11 de junio de 2018. El día después de que venció el término,

el licenciado Díaz Vanga respondió al correo electrónico y solicitó información de uno de los casos relacionados con la queja, pero no contestó la queja.

El 12 de julio de 2018, el Procurador General nos presentó un informe para alertarnos sobre la conducta del licenciado Díaz Vanga, por entenderla violatoria de los Cánones 9 y 12 del Código de Ética Profesional, supra. El licenciado contestó el 16 de julio de 2018, mediante una "Moción urgente sobre informe". Primero, se disculpó por no haber atendido las solicitudes del Procurador General e intentó desmentir las alegaciones contenidas en la queja en su contra. Le concedimos entonces al Procurador General cuarenta días para completar su investigación y presentar su informe final.

El Procurador General compareció el 31 de agosto de 2018 y nos informó que no habían recibido copia de la "Moción urgente sobre informe" que el licenciado Díaz Vanga presentó, a pesar de que el licenciado certificó haber enviado copia a la Oficina del Procurador General, según señaló la Subsecretaria de este Tribunal. Por ello, el 13 de septiembre de 2018, le ordenamos al licenciado Díaz Vanga acreditarnos dentro de un término de cinco días el envío a la Oficina del Procurador General de la "Moción urgente sobre informe".

El Procurador General compareció el 12 de octubre de 2018 y nos informó que no había recibido la referida moción. Solicitó, además, que el término de cuarenta días

para completar su investigación y presentar su informe final no comenzara a transcurrir hasta tanto el abogado cumpla con la orden. Respondimos mediante Resolución el 26 de octubre de 2018. Le concedimos un término de diez días al licenciado Díaz Vanga para que mostrara causa por la cual no debíamos suspenderlo del ejercicio de la profesión de la abogacía por incumplir con los requerimientos de la Oficina del Procurador General y con las órdenes de este Tribunal. Se le notificó personalmente nuestra Resolución el 30 de octubre de 2018, pero el término venció sin que el licenciado compareciera.

**AB-2018-0234**

El 10 de septiembre de 2018, el Sr. Alfonso Uri Ramos Román presentó una queja en contra del licenciado Díaz Vanga. Alegó que en diciembre de 2013 acudió a la oficina del licenciado para que este presentara, en su representación, una querella en contra del Municipio de Guaynabo ante la Comisión Apelativa de Servicio Público. Según adujo, cuando llamaba al abogado para darle seguimiento al caso, este le contestaba que estuviera tranquilo porque esos casos tomaban tiempo. Sin embargo, sostuvo que en febrero de 2018 recibió copia de una orden que indicaba que el caso se estaría archivando por falta de trámite desde 2014.

El 18 de septiembre de 2018, la Subsecretaria de este Tribunal le envió una comunicación al licenciado referente a la queja. Le concedió diez días para contestarla. Ante su

incomparecencia, se le concedió un término final de diez días para contestar. El 26 de octubre de 2018, le concedimos un término final de cinco días para comparecer y contestar la queja. Se le apercibió, además, de que su incumplimiento podría conllevar sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión. El término venció sin su comparecencia.

## II

El Canon 9 del Código de Ética Profesional, supra, dispone que los abogados deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto". Como corolario de ese deber, se exige que los abogados atiendan pronta y diligentemente las órdenes de todos los tribunales. In re Crespo Peña, 195 DPR 318, 321 (2016). Este deber también se extiende a las entidades públicas que intervienen en la consecución de un proceso disciplinario, como es el caso de la Oficina del Procurador General. In re Rodríguez Cintrón, 198 DPR 561, 565 (2017). Al igual que cuando se ignoran los requerimientos de este Tribunal, procede la suspensión inmediata e indefinida del ejercicio de la abogacía del letrado que ignora los requerimientos de la Oficina del Procurador General. Íd.

## III

El patrón de incumplimiento con nuestras órdenes que el licenciado Díaz Vanga ha desplegado a lo largo de estos tres procesos en su contra es un grave desafío a la autoridad de este Tribunal y una clara violación del

mandato del Canon 9. Véase <u>In re Pestaña Segovia</u>, 192 DPR 485, 493-494 (2015). Se mostró indiferente ante nuestros apercibimientos de sanciones disciplinarias, lo que nos lleva a pensar que no tiene interés en seguir practicando la abogacía. El licenciado Díaz Vanga ha tenido suficientes oportunidades para demostrarnos lo contrario, pero sus actos confirman el poco celo con que practica la profesión.

Así pues, suspendemos al licenciado Díaz Vanga inmediata e indefinidamente del ejercicio de la abogacía. Se le impone el deber de notificar a sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Héctor R. Díaz Vanga
    (TS-15,464)              AB-2017-0260
                            AB-2018-0042
                            AB-2018-0234


SENTENCIA

En San Juan, Puerto Rico, a 30 de noviembre de 2018.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de esta Sentencia, suspendemos al licenciado Díaz Vanga inmediata e indefinidamente del ejercicio de la abogacía. Se le impone el deber de notificar a sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y lo certifica el Secretario del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco y los Jueces Asociados señor Rivera García y señor Estrella Martínez no intervinieron.


                      José Ignacio Campos Pérez
                Secretario del Tribunal Supremo