EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Ovidio Ruiz Fontanet | 2019 TSPR 5<br><br>201 DPR \_\_\_\_ |

Número del Caso: AB-2018-44
             (TS-3,601)


Fecha: 9 de enero de 2019


 Oficina del Procurador general:

         Lcdo. Isaías Sánchez Báez
         Procurador General

         Lcda. Gisela Rivera Matos
         Procuradora General Auxiliar


Materia: Conducta Profesional- La Suspensión será efectiva el 15 de enero de 2019, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ovidio Ruiz Fontanet
    (TS-3,601)                AB-2018-0044

PER CURIAM

En San Juan, Puerto Rico, a 9 de enero de 2019.

El 14 de diciembre de 2018 le concedimos al Lcdo. Ovidio Ruiz Fontanet un término final e improrrogable de cinco días para que comparezca ante nos y conteste una queja presentada en su contra. Le apercibimos de que incumplir desembocaría en su suspensión inmediata e indefinida del ejercicio de la abogacía. Como no compareció, nos toca suspenderlo.

I

El 7 de marzo de 2018 la Sra. Estela M. Andrade Cora presentó una queja contra el licenciado Ruiz Fontanet. Alegó que en junio de 2015 acudió a la oficina del licenciado para contratarlo como representante legal en un caso de sucesiones y que este

le refirió a su hijo, el Sr. Carlos E. Ruiz Hernández, como abogado que se dedicaba al litigio. La señora Andrade Cora arguyó que su comunicación con el señor Ruiz Hernández se fue deteriorando y que recibió dos órdenes de desahucio. Por ello, le solicitó al señor Ruiz Hernández que le entregara el expediente para poder ella contratar una nueva representación legal. No tuvo éxito.

Para ese entonces, la señora Andrade Cora se percató de un escrito al Tribunal de Apelaciones que llevaba la firma del licenciado Ruiz Fontanet, y no la del señor Ruiz Hernández, quien era su supuesto representante legal. Acudió al Tribunal de Primera Instancia y encontró una moción de relevo de sentencia suscrita por ella, aunque alega que la firma allí puesta no era la suya. Luego, se presentó ante este Tribunal Supremo para averiguar sobre el estatus del licenciado Ruiz Fontanet y del señor Ruiz Hernández, y obtuvo una certificación de que el señor Ruiz Hernández se encontraba suspendido de la profesión legal desde 2010. Ante esto, la señora Andrade Cora nos presentó su queja.

Le enviamos al licenciado Ruiz Fontanet dos notificaciones con términos de diez días para que contestara la queja. El 20 de marzo de 2018, por correo regular, y el 17 de abril de 2018, por correo electrónico. Debido a su incomparecencia, referimos la queja a la Oficina del Procurador General el 3 de mayo de 2018.

El 14 de mayo de 2018 la Oficina del Procurador General le envió al licenciado Ruiz Fontanet por correo regular,

certificado y electrónico un "Requerimiento de información" para que contestara la queja. La notificación enviada por correo certificado fue devuelta como "no reclamada". El 1 de junio de 2018 el licenciado solicitó mediante correo electrónico que se le concedieran quince días laborables para contestar la queja. La solicitud la envió a una empleada de la Oficina del Procurador General y no a la Procuradora General Auxiliar que suscribió el "Requerimiento de información".

El 13 de julio de 2018 emitimos una resolución para concederle un término perentorio de diez días para que comparezca ante el Procurador General y conteste la queja y los requerimientos de dicha Oficina. Le advertimos que su incumplimiento podía conllevar sanciones severas, incluyendo la suspensión de la profesión.

El 14 de diciembre de 2018 le concedimos al licenciado Ruiz Fontanet su última oportunidad para comparecer, con un término final e improrrogable de cinco días. Le informamos que la consecuencia de incumplir sería la suspensión inmediata e indefinida del ejercicio de la abogacía.

II

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, dispone que los abogados deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto". Como corolario de ese deber, se exige que los abogados atiendan pronta y diligentemente las órdenes de todos los tribunales. In re Crespo Peña, 195 DPR 318, 321

(2016). Este deber también se extiende para con las entidades públicas que intervienen en la consecución de un proceso disciplinario, como es el caso de la Oficina del Procurador General. In re Rodríguez Cintrón, 198 DPR 561, 565 (2017). Al igual que cuando se ignoran los requerimientos de este Tribunal, procede la suspensión inmediata e indefinida del ejercicio de la abogacía del letrado que ignora los requerimientos de la Oficina del Procurador General. Íd.

### III

El licenciado Ruiz Fontanet ignoró nuestras órdenes y los requerimientos de la Oficina del Procurador General. Se mostró indiferente ante la queja presentada en su contra y ante nuestros apercibimientos de sanciones disciplinarias, actitud que demuestra poco interés en seguir practicando la abogacía.

Suspendemos al licenciado Ruiz Fontanet inmediata e indefinidamente del ejercicio de la abogacía y, como consecuencia, de la notaría. Le imponemos el deber de notificar a sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente.

Se ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del señor Ruiz Fontanet y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e

informe. La fianza notarial queda automáticamente cancelada, pero se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por el señor Ruiz Fontanet mientras la fianza estuvo vigente.

Deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ovidio Ruiz Fontanet
   (TS-3,601)            AB-2018-0044

SENTENCIA

En San Juan, Puerto Rico, a 9 de enero de 2019.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia, suspendemos al licenciado Ruiz Fontanet inmediata e indefinidamente del ejercicio de la abogacía y, como consecuencia, de la notaría. Le imponemos el deber de notificar a sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente.

Se ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del señor Ruiz Fontanet y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe. La fianza notarial queda automáticamente cancelada, pero se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por el señor Ruiz Fontanet mientras la fianza estuvo vigente.

Deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez no intervino.

Jose Ignacio Campos Pérez
Secretario del Tribunal Supremo