EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re:<br><br><br>Roberto Márquez Sánchez | 2019 TSPR 153<br><br>203 DPR ____ |

Número del Caso:   AB-2018-178
                   (TS-10,353)


Fecha:  6 de agosto de 2019


Abogado del promovido:

     Por derecho propio


Oficina del Procurador General:

     Lcda. Lorena Cortés Rivera
     Subprocuradora General

     Lcda. Yaizamarie Lugo Fontánez
     Procuradora General Auxiliar


Oficina de Inspección de Notarías:

     Manuel E. Ávila De Jesús
     Director



Materia:  La suspensión será efectiva el 3 de septiembre de 2019, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Roberto Márquez Sánchez
     (TS-10,353)          AB-2018-0178

*PER CURIAM*

En San Juan, Puerto Rico, a 6 agosto de 2019.

El 24 de junio de 2019 le concedimos un término final de siete días al Lcdo. Roberto Márquez Sánchez para que contestara una queja presentada en su contra y el interrogatorio que la Oficina del Procurador General le sometió. Le advertimos que, de incumplir con lo ordenado, se exponía a la suspensión inmediata e indefinida de la abogacía. Ya que no recibimos respuesta de su parte, procedemos con la suspensión.

I

En enero de 2016, el licenciado Márquez Sánchez comenzó a representar a la Sra. Marilyn Martínez Rodríguez en una reclamación por despido injustificado. Según la señora Martínez Rodríguez,

la comunicación entre ambos no fue efectiva. Sostuvo que, tras el paso del Huracán María, se deterioró aún más. Presuntamente, el licenciado le informó que se encontraba fuera de la isla y que referiría el caso a otro abogado, pero nunca le proveyó la información del abogado sustituto ni este se comunicó con ella. La señora Martínez Rodríguez nos presentó entonces una queja contra el licenciado Márquez Sánchez el 16 de julio de 2018.

El 10 de agosto de ese año, la Subsecretaria de este Tribunal le envió una comunicación al licenciado Márquez Sánchez a su dirección postal obrante en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA). Le concedió diez días para contestar la queja. Ante el silencio de este, la Subsecretaria le envió una segunda comunicación con un término final de diez días para contestar la queja, esta vez a las dos direcciones de correo electrónico registradas en el RUA.

El licenciado Márquez Sánchez no compareció, por lo que la Subsecretaria refirió la queja a la Oficina del Procurador General para investigación e informe. El 2 de octubre de 2018, dicha oficina le concedió un término final de diez días para contestar la queja y un interrogatorio. La Oficina del Procurador General recibió el acuse de recibo del que surge que la comunicación fue recibida. No obstante, el licenciado Márquez Sánchez no cumplió con lo ordenado. El 20 de noviembre de 2018, la Oficina del Procurador General nos

presentó un informe en el que recomendó la suspensión del abogado.

El 13 de diciembre de 2018 emitimos una Resolución mediante la que le concedimos un término de veinte días al licenciado Márquez Sánchez para expresarse sobre el Informe del Procurador General, so pena de que tomáramos una determinación sin el beneficio de su comparecencia. No lo hizo. El 6 de mayo de 2019 le concedimos un término final e improrrogable de diez días para expresarse. Le apercibimos de que su incumplimiento con esa resolución desembocaría en su suspensión inmediata e indefinida del ejercicio de la abogacía.

En esta ocasión, el licenciado sí compareció, aunque tardíamente. Reconoció que no había contestado las comunicaciones que le habían sido enviadas y ofreció sus explicaciones para ello. Sostuvo que el Huracán María provocó un disloque en su práctica legal y que su salud se deterioró como consecuencia de la falta de electricidad, pues él necesita una máquina respiratoria para dormir. Expresó que, por los meses sin poder trabajar y generar ingresos, él y sus socios se vieron obligados a cerrar la oficina. Un compañero abogado le cedió un espacio en su oficina en San Juan para que el licenciado Márquez Sánchez recibiera correspondencia. Así lo enmendó en el RUA. También, señaló que perdió su residencia en Puerto Rico al vencerse el contrato de arrendamiento de su vivienda y que, desde finales de septiembre de 2017, vive en Florida.

En respuesta a la comparecencia del licenciado Márquez Sánchez, emitimos una resolución el 24 de junio de 2019. Le concedimos siete días para contestar la queja y el interrogatorio ante la Oficina del Procurador General. Además, le apercibimos de que se exponía a la suspensión inmediata e indefinida de la abogacía si no comparecía en el plazo señalado. Por otro lado, le ordenamos a la Oficina de Inspección de Notarías (ODIN) que compareciera dentro de ese mismo término para que nos informara sobre el estatus notarial del licenciado Márquez Sánchez.

El Director de la ODIN compareció el 28 de junio de 2019. Nos informó que el licenciado Márquez Sánchez no había solicitado la baja voluntaria de la notaría ni había designado a un notario sustituto, a pesar de residir ahora en Florida. También, nos expresó que desconoce la ubicación de la obra notarial del licenciado Márquez Sánchez. Por ello, solicitó que ordenáramos su incautación inmediata.

II

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, dispone que los abogados deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto". Como corolario de ese deber, se exige que los abogados atiendan pronta y diligentemente las órdenes de todos los tribunales. In re Crespo Peña, 195 DPR 318, 321 (2016). Esa obligación se hace más patente cuando dichas órdenes se refieren a procedimientos sobre su conducta profesional. In re Massanet Rodríguez, 188 DPR 116, 123

(2013). También se extiende para con las entidades públicas que intervienen en ese proceso disciplinario, como es el caso de la Oficina del Procurador General. In re Rodríguez Cintrón, 198 DPR 561, 565 (2017). Al igual que cuando se ignoran los requerimientos de este Tribunal, procede la suspensión inmediata e indefinida del ejercicio de la abogacía del letrado que ignora los requerimientos de la Oficina del Procurador General. Íd.

                            III

El licenciado Márquez Sánchez no ha sido diligente con nuestros requerimientos. Tampoco con los de la Secretaría de este Tribunal y los de la Oficina del Procurador General. La Subsecretaria le requirió en dos ocasiones que contestara la queja. La Oficina del Procurador General le exigió lo mismo. Este Tribunal solicitó su comparecencia tres veces. El licenciado solo compareció, tardíamente, en una ocasión para reconocer su incumplimiento. Expresó que se debió al paso del Huracán María y a que su salud se deterioró durante ese periodo.

Ahora bien, también expresó que, a los pocos días del paso del huracán, logró salir de la Isla; que desde entonces vive en Florida, y que enmendó su dirección en el RUA luego de mudarse de Puerto Rico y cerrar la oficina que tenía en San Juan. Además, la queja se presentó en julio de 2018, casi un año luego del paso del huracán, y el primer requerimiento de nuestra Secretaría le fue enviado al mes siguiente. Por eso, el paso del huracán no justifica la poca

atención que el licenciado Márquez Sánchez dio al proceso de queja en su contra. Tampoco el huracán justifica que el abogado no haya solicitado la baja voluntaria de la notaría y haya abandonado su obra notarial sin designar un notario sustituto.

A pesar de que sus razones son insuficientes, le concedimos un término adicional para contestar la queja y el interrogatorio ante la Oficina del Procurador General, pero no lo hizo. Su conducta demuestra indiferencia ante nuestros apercibimientos de sanciones disciplinarias y poco interés en practicar la abogacía y la notaría en esta jurisdicción.

IV

Así pues, nos vemos obligados a suspender al licenciado Márquez Sánchez inmediata e indefinidamente del ejercicio de la abogacía y, como consecuencia, de la notaría. Se le impone el deber de notificar a sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del señor Márquez Sánchez y entregarlos al Director de la ODIN para el correspondiente examen e informe. La fianza notarial queda

automáticamente cancelada, pero se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por el señor Márquez Sánchez mientras la fianza estuvo vigente.

Notifíquese inmediatamente esta Opinión *Per Curiam* y Sentencia al señor Márquez Sánchez vía correo electrónico y correo certificado con acuse de recibo a sus últimas direcciones conocidas en San Juan y en Florida.

Se dictará Sentencia en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Roberto Márquez Sánchez
      (TS-10,353)                    AB-2018-0178

SENTENCIA

En San Juan, Puerto Rico, a 6 de agosto de 2019.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia, nos vemos obligados a suspender al licenciado Márquez Sánchez inmediata e indefinidamente del ejercicio de la abogacía y, como consecuencia, de la notaría. Se le impone el deber de notificar a sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del señor Márquez Sánchez y entregarlos al Director de la ODIN para el correspondiente examen e informe. La fianza notarial queda automáticamente cancelada, pero se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por el señor Márquez Sánchez mientras la fianza estuvo vigente.

Notifíquese inmediatamente esta Opinión *Per Curiam* y Sentencia al señor Márquez Sánchez vía correo electrónico y correo certificado con acuse de recibo a sus últimas direcciones conocidas en San Juan y en Florida.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Feliberti Cintrón no intervino.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo