EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:

Jorge M. Carmona Rodríguez
(TS-8,762) | 2021 TSPR 50

206 DPR _____ |

Número del Caso: AB-2019-269

Fecha: 14 de abril de 2021

Oficina del Procurador General:

    Lcda. Lorena Cortés Rivera
    Subprocuradora General

    Lcda. Gisela Rivera Matos
    Procuradora General

Materia: La suspensión será efectiva el 16 abril, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| In re:<br><br><br><br>Jorge M. Carmona Rodríguez<br>(TS-8,762) | AB-2019-0269 | |

*PER CURIAM*

En San Juan, Puerto Rico, a 14 de abril de 2021.

Nos resulta forzoso ejercer nuevamente nuestra facultad disciplinaria contra un miembro de la profesión por asumir una conducta de indiferencia y dejadez a los requerimientos de la Oficina del Procurador General y de esta Curia.

Por los fundamentos que a continuación enunciamos, suspendemos inmediata e indefinidamente del ejercicio de la abogacía al Lcdo. Jorge M. Carmona Rodríguez (licenciado Carmona Rodríguez) tras violentar crasamente los Cánones 9 y 12 de Ética Profesional, 4 LPRA Ap. IX.

-I-

El licenciado Carmona Rodríguez fue admitido el 4 de enero de 1988 al ejercicio de la abogacía. En el transcurso de su carrera profesional, la Sra. Lenny Colón Ortiz (señora Colón Ortiz) presentó el 16 de diciembre de 2019 una queja

ética en su contra. Mediante esta, relató que el letrado recibió la suma de $3,200.00 para que le representara en una demanda civil sobre División de Comunidad de Bienes. Sin embargo, sostuvo que el Tribunal de Primera Instancia desestimó su causa de acción sin que su representante legal le informara sobre ello.[1] Específicamente, señaló que advino en conocimiento mediante una notificación emitida por el tribunal de instancia.

Como resultado de lo anterior, la promovente aludió que -tras realizar múltiples esfuerzos- contactó al licenciado Carmona Rodríguez para intimar las razones por las cuales se desestimó su demanda. En respuesta, alegó que el letrado se comprometió en volver a presentar la Demanda en el Tribunal de Primera Instancia.

Luego que el abogado instó la acción civil correspondiente, la señora Colón Ortiz esbozó que ni le mantuvo informada sobre los trámites del caso ni le notificó que su pleito fue desestimado por segunda ocasión.[2] En vista de ello, enunció que intentó comunicarse con el licenciado Carmona Rodríguez por varios medios, así como por correo electrónico y llamadas telefónicas, sin éxito alguno. Por tales motivos, nos solicita que el letrado le devuelva la suma pagada en aras de contratar nueva representación legal.

---

[1] La promovente identificó el caso bajo la enumeración siguiente: DAC2016-00970.
[2] El número de caso al que alude la promovente es DAC20170203.

Así las cosas, el 14 de enero de 2020 la entonces Subsecretaria de este Tribunal, Lcda. Sonnya Isabel Ramos Zeno, le comunicó al licenciado Carmona Rodríguez -mediante su dirección postal según consta en el Registro Único de Abogados (RUA)- la presentación de dicha queja con copia de la misma para que remitiera su contestación en el término de diez (10) días. Ante su incomparecencia, el 3 de febrero de 2020 le envió una segunda notificación por correo electrónico -según registrado en RUA- a los fines de que reaccionara a la queja incoada en su contra en el término final de diez (10) días.

Al no recibir contestación, el caso de autos se refirió el 26 de febrero de 2020 a la Oficina del Procurador General para que realizara la investigación correspondiente y nos presentara un Informe respecto a la queja presentada, en conformidad con la Regla 14 del Reglamento del Tribunal Supremo de Puerto Rico, 4 LPRA Ap. XXI-B.

Transcurridos dos (2) días, el licenciado Carmona Rodríguez le cursó una misiva a la Subsecretaria de este Foro. En su escrito informó que se mudó temporeramente de su hogar, lugar donde también ubica su oficina, tras quedarse sin sistema eléctrico durante una semana por motivo de los terremotos ocurridos en la Zona Sur de Puerto Rico durante el mes de enero del año 2020. Luego de renovar dichos servicios, alegó que su sistema eléctrico explotó y no fue hasta el 24 de febrero de 2020 que logró restituirlo por

completo. Planteó que los días en que pernoctó en otra residencia, verificaba su correspondencia postal. No obstante, adujo que no recibió la primera notificación ya que para el 19 de enero de 2020 se percató que su buzón fue vandalizado. Con relación a la segunda notificación, expuso que el 26 de febrero de 2020 notó que la recibió en el "spam" de correo electrónico sin copia de la queja ética. Arguyó, además, que la señora Colón Ortiz tampoco le envió copia de la referida queja. Ante ello, solicitó que le reenviaran copia de la queja a su dirección postal o a su correo electrónico a los efectos de contestar la misma.

Según requerido, el 3 de marzo de 2020 se le cursó nuevamente por correo electrónico copia de la queja ética y, a su vez, se le comunicó que debería presentar su contestación en la Oficina del Procurador General, toda vez que el caso se refirió a dicha Oficina. Poco después, el 11 de marzo de 2020 y el 14 de julio de 2020 la Procuradora General Auxiliar, Lcda. Gisela Rivera Matos, le envió al promovido dos (2) requerimientos en los cuales le solicitó que respondiera a las alegaciones presentadas en la queja ética en su contra. Empero, el letrado incumplió nuevamente.

Ante ese cuadro fáctico, la Procuradora General Auxiliar nos remitió un *Informe del Procurador General*. En este, nos informó que -a pesar de las múltiples oportunidades- el licenciado Carmona Rodríguez ha demostrado una actitud de completa indiferencia y desidia tanto para

este Tribunal como para la Oficina del Procurador General. Indicó que sus actuaciones violentaron los Cánones 9 y 12 del Código de Ética Profesional, 4 LPRA Ap. IX, e impidió que la Oficina del Procurador General realizara una investigación completa sobre los méritos de la queja presentada.

Evaluado el *Informe del Procurador General*, emitimos una *Resolución* el 17 de septiembre de 2020 en la cual le concedimos un término de veinte (20) días al letrado para que se expresara respecto al informe. Debido a que el licenciado Carmona Rodríguez no cumplió con ese requerimiento, el 29 de enero de 2021 emitimos otra *Resolución* en la que le concedimos un término final de diez (10) días para que compareciera ante nos. Cabe destacar que en dicha *Resolución* le apercibimos que "su incumplimiento podrá conllevar sanciones disciplinarias severas, incluyendo la suspensión al ejercicio de la profesión". Aunque la *Resolución* se le notificó personalmente al letrado el 25 de febrero de 2021, el letrado no compareció.

-II-

Como es sabido, el Código de Ética Profesional constituye las normas mínimas que rigen la conducta de los miembros de la profesión legal en el ejercicio de la abogacía. Preámbulo de los Cánones de Ética Profesional, 4 LPRA Ap. IX. En particular, el Canon 9 de este cuerpo normativo dispone que todo "abogado debe observar para con los tribunales una conducta que se caracterice por el mayor

respeto". 4 LPRA Ap. IX, C. 9. A la luz de este Canon, hemos establecido que cada miembro de la profesión legal debe responder oportuna y diligentemente a los requerimientos de esta Curia, más aún si se emiten como resultado de un trámite disciplinario. *In re Lugo Quiñones*, 2021 TSPR 02, pág. 10; *In re Alers Morales*, 2020 TSPR 61, pág. 5; *In re López Santiago*, 199 DPR 797, 808 (2018). Reiteradamente puntualizamos que incumplir con nuestras órdenes, requerimientos y apercibimientos conlleva la suspensión inmediata e indefinida del ejercicio de la profesión, toda vez que denota una actitud de menosprecio e indiferencia ante nuestra autoridad. *In re Alers Morales*, supra; *In re Burgos García*, 2020 TSPR 58, pág. 8; *In re Canales Pacheco*, 200 DPR 228, 232 (2018). Por ende, ignorar nuestras órdenes y apercibimientos constituyen causa suficiente para la suspensión inmediata de cualquier miembro de la clase togada. *In re Lugo Quiñones*, supra, págs. 10-11; *In re Plaud González*, 2020 TSPR 62, pág. 4; *In re Márquez Sánchez*, 203 DPR 25, 29 (2019); *In re Crespo Peña*, 195 DPR 318, 322 (2016); *In re Pestaña Segovia*, 192 DPR 485, 493 (2015).

Al interpretar el Canon 9, *supra*, hemos enunciado que la referida obligación se extiende a las exigencias de otras entidades públicas que intervienen en el proceso disciplinario tales como la Oficina del Procurador General y la Secretaría del Tribunal Supremo. *In re Ruiz Fontanet*, 201 DPR 663, 665 (2019); *In re López Pérez*, 201 DPR 123, 126 (2018); *In re Rodríguez Cintrón*, 198 DPR 561, 565 (2017); *In*

*re Alejandro Zúniga*, 198 DPR 504, 506 (2017). A tales efectos, el profesional legal que asuma una actitud de dejadez y menosprecio a las órdenes tanto de este Tribunal como a las del Procurador General infringe el Canon 9 de Ética Profesional, *supra*. *In re Ruiz Fontanet, supra.* Cabe mencionar que esta violación ética es completamente independiente de los méritos que pudiera tener la queja ética presentada contra el togado. *In re Negrón Ramos*, 2020 TSPR 64, pág. 5.

Por otro lado, el Canon 12 de Ética Profesional, *supra*, impone a los abogados a "desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución". 4 LPRA Ap. IX, C. 12. Este precepto obliga a los letrados a tramitar la causa de acción de manera puntual y responsable, en particular cuando se trata de un procedimiento disciplinario en su contra. *In re Silvestrini Carrasquillo*, 201 DPR 838, 842-843 (2019); *In re Torres Román*, 195 DPR 882, 891 (2016). Sobre este postulado ético hemos resuelto que "un abogado actúa en contravención al Canon 12, *supra*, si no responde a las resoluciones del Tribunal Supremo ni comparece para responder a una queja que se ha presentado en su contra". *In re Massanet Rodríguez*, 188 DPR 116, 126-127 (2013).

En atención a ello, amerita aludir a las expresiones siguientes emitidas por este Foro:

> Desatender nuestras órdenes en el curso de un procedimiento disciplinario, revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal. Implica indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia las autoridades, particularmente hacia este Foro. *Id.*, pág. 126 citando a *In re Escalona Colón*, 149 DPR 900, 901 (1999).

**-III-**

Según reseñado, el licenciado Carmona Rodríguez ha desplegado una actitud de indiferencia y dejadez a los requerimientos de la Secretaría de este Tribunal, la Oficina del Procurador General y a los de esta Curia. Veamos.

En sus inicios, aun cuando la entonces Subsecretaria de este Tribunal le envió dos (2) notificaciones al licenciado Carmona Rodríguez —la primera a su dirección postal y la segunda a su correo electrónico, según consta en RUA— este no compareció a contestar las alegaciones contenidas en la queja ética. Más bien, el letrado únicamente compareció ante la Subsecretaria para informarle que la primera notificación no la recibió ya que su buzón fue vandalizado en el periodo en que se le cursó la comunicación y que la segunda notificación la recibió en el "spam" de su correo electrónico. En cuanto a esta segunda comunicación, adujo que le resultaba imposible reaccionar a la queja toda vez que no recibió copia de esta.

Aunque el licenciado Carmona Rodríguez no acreditó los hechos alegados en su misiva, la Subsecretaria le reenvió copia de la queja a su correo electrónico y en este le

informó que su caso fue referido a la Oficina del Procurador General, por lo cual debía presentar su contestación en dicha Oficina. No obstante, el letrado incumplió con lo requerido. Posterior a ello, la Oficina del Procurador General le cursó dos (2) comunicaciones, las cuales fueron ignoradas por el togado. Como si ello fuera poco, el licenciado Carmona Rodríguez hizo caso omiso a las dos (2) Resoluciones emitidas por este Tribunal. Específicamente, en nuestra última Resolución -notificada personalmente- le apercibimos "que su incumplimiento podrá conllevar sanciones disciplinarias severas, incluyendo la suspensión al ejercicio de la profesión". Aun así, ignoró nuestros requerimientos. Su craso incumplimiento produjo que no se pudiera evaluar en los méritos la queja incoada por la señora Colón Ortiz.

Indiscutiblemente, el patrón de desinterés y desidia desplegado por el letrado constituye una falta de respeto hacia este Foro y a nuestros brazos operacionales que colaboran en el proceso disciplinario. Esa actitud muestra un alto grado de menosprecio a los preceptos constituidos en los Cánones 9 y 12 de Ética Profesional, *supra*. El licenciado Carmona Rodríguez tenía el deber ineludible de mostrar un interés genuino sobre este asunto, pues una queja ética se debe atender con la debida premura y diligencia. Como es conocido, "el desarrollo de la normativa ética exige que los miembros de la profesión respondan prontamente a cualquier requerimiento relacionado con un proceso

disciplinario". *In re Massanet Rodríguez*, supra, pág. 127. Ello cobra mayor fuerza tan pronto el profesional legal adviene en conocimiento de los procedimientos disciplinarios tramitados a raíz de una queja ética en su contra.

**-IV-**

Por los fundamentos antes expuestos, ordenamos la suspensión inmediata e indefinida del Lcdo. Jorge M. Carmona Rodríguez del ejercicio de la abogacía.

En vista de lo anterior, el señor Carmona Rodríguez deberá notificar a sus clientes su inhabilidad de seguir representándoles y deberá devolverles inmediatamente los expedientes de los casos, así como cualesquiera honorarios recibidos por trabajos no realizados. Asimismo, deberá informar oportunamente su suspensión inmediata a los foros judiciales y administrativos de Puerto Rico en donde tenga algún asunto pendiente. Por último, le ordenamos que acredite y certifique ante este Tribunal el cumplimiento con lo anteriormente dispuesto dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese esta Opinión *Per Curiam* y Sentencia al señor Carmona Rodríguez.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Jorge M. Carmona Rodríguez            AB-2019-0269
       (TS-8,762)


SENTENCIA

En San Juan, Puerto Rico, a 14 de abril de 2021.

Por los fundamentos antes expuestos, ordenamos la suspensión inmediata e indefinida del Lcdo. Jorge M. Carmona Rodríguez del ejercicio de la abogacía.

En vista de lo anterior, el señor Carmona Rodríguez deberá notificar a sus clientes su inhabilidad de seguir representándoles y deberá devolverles inmediatamente los expedientes de los casos, así como cualesquiera honorarios recibidos por trabajos no realizados. Asimismo, deberá informar oportunamente su suspensión inmediata a los foros judiciales y administrativos de Puerto Rico en donde tenga algún asunto pendiente. Por último, le ordenamos que acredite y certifique ante este Tribunal el cumplimiento con lo anteriormente dispuesto dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese por correo electrónico.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal Supremo Interina. La Jueza Presidenta Oronoz Rodríguez y el Juez Asociado señor Rivera García no intervinieron.



Bettina Zeno González
Secretaria del Tribunal Supremo Interina